UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORMAN V. WHITESIDE,
    Plaintiff,

vs.

TRAYCE THALHEIMER, *et al.*,
    Defendants.

Case No. 1:13-cv-408

Barrett, J.
Litkovitz, M.J.

**ORDER**

    Plaintiff, an inmate at the Warren Correctional Institution (WCI) proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants Trayce Thalheimer, Cynthia Mausser, Kathleen Kovach, Ellen Venters, R.F. Rauschenberg, Richard Thomas Cholar, Jr., Mark Houk, Andre Imbrogno, Ron Nelson, Michael Sheets, Kenny Sexton, Mark Dairy, Gary Mohr, Karla Williams, Michael Jackson, the Ohio Department of Rehabilitation and Correction (ODRC), and 100 John and Jane Doe defendants. (Doc. 54). This matter is before the Court on plaintiff's "motion for reconsideration for motion to compel and memorandum in support"[1] (Doc. 51; Doc. 51, Ex. 1), defendants' response in opposition (Doc. 52), and plaintiff's reply memorandum (Doc. 53).

    Plaintiff seeks a Court order compelling the depositions of the defendants. (Doc. 51). Plaintiff certifies that he has attempted to confer with counsel for defendants, Caitlyn A. Nestleroth, to secure this discovery as required by Fed. R. Civ. P. 37(a). Plaintiff represents that defense counsel refused his deposition requests. In support, plaintiff submits a February 11, 2015 letter from Ms. Nestleroth which provides, "Dear Mr. Whiteside: I am writing in response

---

[1] Plaintiff previously filed an incomplete motion to compel (Doc. 49), which the Court denied as moot subject to reconsideration upon receipt of the complete motion. (Doc. 50). The Court construes plaintiff's instant "motion for reconsideration for motion to compel" as the complete version of the previously filed motion to compel.

to your letter dated February 4, 2015. As I have previously stated, at this point, [d]efendants will not be made available for depositions." (Doc. 51, Ex. 1 at 4).

In their response in opposition, defendants assert that plaintiff's motion should be denied because plaintiff has not acted in good faith in seeking the requested depositions and because his motion does not include the good faith certification required by Fed. R. Civ. P. 37(a)(1). Defendants maintain that they denied plaintiff's deposition request "only after [p]laintiff threatened to depose [d]efendants 'one by one' unless [d]efendants accepted his settlement offer." (Doc. 52 at 2) (citing Doc. 40, Ex. 1, a July 30, 2014 email from plaintiff to defense counsel).[2] Defendants maintain that plaintiff's "threat" to depose them does not comport with the good-faith requirement of Fed. R. Civ. P. 37. Defendants claim that plaintiff's notice of depositions for defendants Thalheimer, Mausser, and Cholar for Christmas Eve further demonstrates that plaintiff was not acting in good faith in seeking this discovery. (Doc. 52 at 2) (citing Doc. 43, Ex. 1 at 1, a November 20, 2014 letter from plaintiff seeking to schedule the depositions on December 24, 2014; Doc. 45, Ex. 1 at 2, a December 16, 2014 letter from plaintiff wherein plaintiff states, "Since your parole board clients felt it humorous to hold my 2012 parole hearing on Christmas Eve, I didn't believe they'd mind being deposed on Christmas Eve.").

---

[2]The email, submitted in connection with defendants' response to plaintiff's previously denied motion to compel, includes plaintiff's offer for settlement:

> I will drop my lawsuit if I am guaranteed immediate release from confinement since I would have successfully been off parole by now had it not been for your clients' various acts of retaliation. . . . I expect you to promptly take this offer to your clients. At the very least, they must agree to give me a prompt, unconditional release from confinement, and if they decline, I want you to set up a time when I can begin to depose them, beginning with Trayce Thalheimer, Richard Cholar, and Andre Imbrogno. You can set up a time within the next thirty (30) days by contacting WCI's Julia Bush. Please respond by the close of business August 11, 2014. After that time, I will present my motion to depose your clients one by one."

(Doc. 40, Ex. 1).

2

Defendants further argue that plaintiff's motion to compel must be denied because plaintiff has not complied with the notice requirements of Fed. R. Civ. P. 30(b)(1) and he has not demonstrated his ability to comply with Rule 30's additional requirements, such as the ability to transcribe or record the requested depositions. (Doc. 52 at 4). Defendants note that plaintiff previously stated that he would like to record the depositions by audio means, but he has not shown how he will accomplish this given his status as an inmate. (*Id.*). Defendants point out that should plaintiff wish to use the audio-recorded testimony at the summary judgment, he would still be required to produce a transcript in accordance with Fed. R. Civ. P. 32(c). (*Id.* at 5).

Lastly, defendants argue that plaintiff's motion should be denied because he has alternative means available to obtain the discovery he seeks. (*Id.* at 5-7). Defendants state that plaintiff has no absolute right to take oral depositions and his inmate status weighs against granting his motion. Defendants note that depositions by inmates pose fundamental security concerns and present issues of expense, such as requiring extra security staff and causing great disruption to the work schedules of the defendants who do not work at WCI. (*Id.* at 6) (citing *Berman v. Durkin*, No. 9:13-cv-136, 2014 WL 1666339, at *4 (N.D.N.Y. Apr. 25, 2014)).

In reply, plaintiff attempts to clarify his correspondence with defense counsel and maintains that his settlement offer was made in good faith and in recognition of the fact that it would be more expeditious to resolve this litigation early than to engage in the lengthy process of deposing each defendant. (Doc. 53 at 1). With respect to defendants' claim that he has not shown that he can comply with the dictates of Fed. R. Civ. P. 30 regarding the taking of oral depositions, plaintiff states he "will gladly use the regular procedures and hire a stenographer and pay the $40 fee if that is a requirement even of parties." (*Id.*). Plaintiff states this litigation

was initiated nearly two years ago and the prompt commencement of discovery is necessary. (*Id.* at 2).

Rule 30(b)(1), Fed. R. Civ. P., states that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Plaintiff has not submitted any exhibits showing that he served notice of the depositions on defendants as required by Fed. R. Civ. 30(b). In the absence of any showing that plaintiff has complied with the dictates of Rule 30(b), his motion must be denied as a procedural matter.

In addition, the Court notes that the prison order and security concerns raised by defendants weigh against plaintiff's request to conduct oral depositions. "Prison officials retain some discretion as to whether to permit an incarcerated litigant to personally appear to take a deposition, taking into consideration factors such as cost, inconvenience, danger, and the disruption to correctional operations." *Dearing v. Mahalma*, No. 1:11-cv-204, 2012 WL 524438, at *2 (S.D. Ohio Feb. 16, 2012) (citing *Holt v. Pitts*, 619 F.2d 558, 560–561 (6th Cir. 1980) (holding that an incarcerated litigant bringing a civil action under 42 U.S.C. § 1983 has "no right to be personally present at any stage of the judicial proceedings."); *see also In re Wilkinson*, 137 F.3d 911, 916 (6th Cir. 1998) (holding that prisoner-litigant had failed to demonstrate any "specialized need for an exception . . . to the general rule of non-attendance.")). On the other hand, plaintiff does have the right to depose defendants and to conduct the discovery necessary to prosecute this action. As this Court previously recognized, "if [d]efendants object to an in-person deposition, [d]efendants must permit alternate means for [p]laintiff to obtain equivalent discovery," such as "a deposition by telephone, so long as [p]laintiff can first demonstrate his ability to pay the fees associated with conducting telephonic depositions." *Dearing*, 2012 WL

524438, at *2 (citing *Brown v. Carr,* 236 F.R.D. 311 (S.D. Tex. 2006) (state prisoner proceeding *in forma pauperis* in § 1983 action against prison officials required to pay fees associated with conducting telephonic depositions of officials)). Likewise, plaintiff can obtain the discovery he seeks by deposing defendants by written questions under Fed. R. Civ. P. 31. If plaintiff elects to depose defendants by one of these means, he must comply with the requirements of Rules 30, 31, and 32, including bearing the costs of taking any such depositions and obtaining transcripts of such depositions for use in this case.

Further, plaintiff may seek to conduct alternative discovery on defendants through interrogatories, requests for admission, and requests for document production as permitted by Fed. R. Civ. P. 33, 34, and 36. There is nothing in the record that suggests plaintiff has issued such requests to any defendants other than defendant Thalheimer;[3] therefore, it is probable that plaintiff may obtain the information he seeks through these less burdensome discovery mechanisms.

For these reasons, plaintiff's motion to compel (Doc. 51) is **DENIED**.

**IT IS SO ORDERED.**

Date: 5/18/15

Karen L. Litkovitz
United States Magistrate Judge

---

[3] *See* Doc. 43, plaintiff's first request for interrogatories, admissions and documents production to defendant Thalheimer.