UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORMAN WHITESIDE,
Plaintiff,

vs.

TRAYCE THALHEIMER, *et al.*,
Defendants.

Case No. 1:13-cv-408
Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Warren Correctional Institution proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants Trayce Thalheimer, Cynthia Mausser, Kathleen Kovach, Ellen Venters, R.F. Rauschenberg, Richard Thomas Cholar, Jr., Mark Houk, Andre Imbrogno, Ron Nelson, Michael Sheets, Kenny Sexton, Mark Dairy, Gary Mohr, Karla Williams, Michael Jackson, the Ohio Department of Rehabilitation and Correction, and 100 John and Jane Doe defendants. (Doc. 54). This matter is before the Court on plaintiff's motion to compel (Doc. 67), defendants' response in opposition (Doc. 74), and plaintiff's reply (Doc. 75), and on defendants' motion to strike plaintiff's notices of service of discovery requests (Doc. 70) and plaintiff's memorandum contra defendants' motion to strike (Doc. 73).

**I.     MOTION TO COMPEL**

Plaintiff previously filed a motion to compel the depositions of the defendants. (Doc. 51). The Court denied plaintiff's motion. (Docs. 55 & 63). The Court found that, while plaintiff has the right to depose defendants, prison officials may exercise some discretion in determining whether to permit a prisoner to conduct an in-person deposition, out of concerns for prison order and security. (Doc. 55 at 4). Further, if defendants object to in-person depositions, they must permit alternate means for plaintiff to obtain equivalent discovery, such as telephonic or written

depositions. (*Id.* at 4-5; Doc. 63 at 4). Additionally, the Court observed that plaintiff might obtain the information he seeks, making depositions unnecessary, through alternative means, such as interrogatories, requests for admission, and requests for document production. (Doc. 55 at 5; Doc. 63 at 4).

In his instant motion to compel, plaintiff asks the Court to order depositions by Skype or videoconferencing of defendants Cholar, Imbrogno, Thalheimer, Mausser, and Williams. (Doc. 67 at 1; Letter to Defendants' Counsel Dated June 11, 2015, Doc. 67-1, Exh. CC). Plaintiff argues that, because "Skype is the preferred method for parole hearing[s]," it should be available to him for depositions. (Doc. 67 at 2). Plaintiff asserts that his request to conduct depositions by Skype is consistent with the Court's prior orders indicating that he "must be permitted to obtain discovery equivalent to an in-person oral examination." (*Id.* at 2-3). Plaintiff also indicates that he will secure a court stenographer to transcribe the depositions. (*Id.* at 3; Letter Dated June 11, 2015 Concerning Scheduling for Depositions, Doc. 67-1, Exh. DD).

In opposing the instant motion to compel, defendants assert that plaintiff still has failed to comply with the requirements of Federal Rule of Civil Procedure 30. (Doc. 74 at 1). Defendant incorporates by reference its earlier Rule 30 objections to plaintiff's failure to comply with formal notice requirements and with Rule 30's technical requirements, including showing that he will be able to file deposition transcripts. (*Id.*; Doc. 52 at 3-5). Defendants also argue that plaintiff's motion is premature because he only started utilizing "less burdensome discovery mechanisms" after filing the instant motion to compel. (Doc. 74 at 1-2). Thus, defendants contend that plaintiff's motion may prove unnecessary, as responses to his other discovery requests are not yet due. (*Id.*).

In reply, plaintiff contends that defendants are "mixing apples with oranges" because he

2

"is *not* asking the Court to compel responses to his interrogatories, admissions requests and documents production." (Doc. 75) (emphasis in original).

Rule 30(b)(1) states that "[a] party who wants to depose a person by oral questions must given reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." As the Court noted in its previous orders concerning plaintiff's first motion to compel deposition testimony, plaintiff does have the right to depose defendants and to conduct the discovery necessary to prosecute this action. "[I]f [d]efendants object to an in-person deposition, [d]efendants must permit alternate means for [p]laintiff to obtain equivalent discovery," such as "a deposition by telephone, so long as [p]laintiff can first demonstrate his ability to pay the fees associated with conducting telephonic depositions." *Dearing v. Mahalma*, No. 1:11-cv-204, 2012 WL 524438, at *2 (citing *Brown v. Carr*, 236 F.R.D. 311 (S.D. Tex. 2006) (state prisoner proceeding *in forma pauperis* in § 1983 action against prison officials required to pay fees associated with conducting telephonic depositions of officials)). If plaintiff elects to depose defendants by telephonic or similar means, he must comply with the requirements of Rules 30 and 32, including bearing the costs of taking any such depositions and obtaining transcripts of such depositions for use in this case. Finally, as the Court noted in its previous orders, plaintiff may be able to obtain the information he seeks through less burdensome discovery mechanisms such as interrogatories, requests for admission, and requests for document production as permitted by Rules 33, 34, and 36.

Here, plaintiff has provided documentation that he complied with the notice requirements by informing defendants' counsel that he wished to depose defendants Cholar, Imbrogno, Thalheimer, Mausser, and Williams on July 17, 2015 using Skype. (Doc. 67-1, Exh. CC). Additionally, he has requested to depose five deponents, which is within the 10-deponent limit.

3

(*Id.*). While plaintiff states that his family and friends would pay for a court stenographer to ensure that he will be able to file deposition transcripts, he has presented no information on the costs of court reporting and transcription and no verification that he has the means to pay these costs. (*Id.*). In addition, he has failed to submit any evidence or documentation in support of this assertion. His representation in his letter to defendants' counsel, without more, is not sufficient. Plaintiff has only started using "less burdensome discovery mechanisms" identified in the Court's prior orders after filing the instant motion. Thus, the Court concludes that granting plaintiff's motion would be premature at this time. He has failed to demonstrate that he would be able to cover the costs associated with taking and transcribing the depositions, and he may conclude that depositions are no longer necessary upon receiving defendants' responses to his other discovery requests. For these reasons, plaintiff's motion to compel (Doc. 67) is denied.

## II.   MOTION TO STRIKE

Defendants have moved to strike two of plaintiff's notices of service of discovery requests. (Doc. 70). On August 5, 2015, plaintiff filed a notice of service of his discovery request for production of documents. (Doc. 68; Plaintiff's First Set of Requests for Production of Documents, Doc. 68-1, Exh. A). On August 6, 2015, plaintiff filed a notice of service of his discovery requests for admissions and interrogatories for defendant Cholar. (Doc. 69; Plaintiff's First Request for Admissions, Interrogatories, and Documents Production for Defendant Cholar, Doc. 69-1 at 1-4). Defendants argue that under Federal Rule of Civil Procedure 5(d)(1), discovery requests must not be filed with the Court until they are used in the proceeding or the Court orders filing. (Doc. 70 at 2). Defendants acknowledge that the Court's order striking plaintiff's notices would not prevent his requests from being effective. (*Id.* at 2 n.2).

Plaintiff responds that, based on his understanding of the Court's Local Rule 5.1, he

4

properly attached exhibits to his notices. (Doc. 73). Thus, plaintiff asserts that the Court should deny defendants' motion to strike. (*Id.*).

"[T]he following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Fed. R. Civ. P. 5(d)(1).

Here, plaintiff improperly filed his notices of discovery requests because they are not yet the subject of any motion to compel, and the Court had not ordered plaintiff to file them. *Id.* Accordingly, plaintiff's notices of discovery requests (Docs. 68 & 69) shall be stricken.

### III. CONCLUSION

Consistent with the foregoing, it is **ORDERED** that:

1. The motion to compel (Doc. 67) is **DENIED**; and
2. The motion to strike (Doc. 70) is **GRANTED**, and plaintiff's notices of discovery requests (Docs. 68 & 69) are **STRICKEN**.

   **IT IS SO ORDERED**.

Date: 10/2/15

Karen L. Litkovitz
United States Magistrate Judge