# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

NORMAN WHITESIDE,                          Case No. 1:13-cv-408
      Plaintiff,                          Barrett, J.
                                   Litkovitz, M.J.
      vs.

TRAYCE THALHEIMER, *et al.*,               **ORDER**
      Defendants.

Plaintiff, an inmate at the Warren Correctional Institution ("WCI") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants Trayce Thalheimer, Cynthia Mausser, Kathleen Kovach, Ellen Venters, R.F. Rauschenberg, Richard Thomas Cholar, Jr., Mark Houk, Andre Imbrogno, Ron Nelson, Michael Sheets, Kenny Sexton, Mark Dairy, Gary Mohr, Karla Williams, Michael Jackson, the Ohio Department of Rehabilitation and Correction, and 100 John and Jane Doe defendants. (Doc. 54). This matter is before the Court on plaintiff's motion to extend the discovery deadline (Doc. 76), to which defendants have not filed a response. This matter is also before the Court on plaintiff's notice of request for depositions via Skype (Doc. 80), defendants' response in opposition (Doc. 84), and plaintiff's reply (Doc. 88). This matter is also before the Court on plaintiff's third motion to compel and for extension (Doc. 85) and plaintiff's motion for leave to conduct depositions, to ex[t]end the discovery schedule deadline, and motion to compel and/or request for court intervention (Doc. 87).

## I.    MOTIONS TO COMPEL (Docs. 80, 85, 87)

Plaintiff previously filed a motion to compel the depositions of the defendants. (Doc. 51). The Court denied plaintiff's motion. (Docs. 55 & 63). The Court found that, while plaintiff has the right to depose defendants, prison officials may exercise some discretion in determining

whether to permit a prisoner to conduct an in-person deposition, out of concerns for prison order and security.  (Doc. 55 at 4).  Further, if defendants object to in-person depositions, they must permit alternate means for plaintiff to obtain equivalent discovery, such as telephonic or written depositions.  (*Id.* at 4-5; Doc. 63 at 4).  Additionally, the Court observed that plaintiff might obtain the information he seeks, making depositions unnecessary, through alternative means, such as interrogatories, requests for admission, and requests for document production.  (Doc. 55 at 5; Doc. 63 at 4).

Plaintiff filed a second motion to compel the depositions of five defendants.  (Doc. 67).  The Court denied plaintiff's motion.  (Docs. 79 & 83).  The Court found that plaintiff had presented no information on the costs of court reporting and transcription and no verification that he has the means to pay those costs.  (Doc. 79 at 4; Doc. 83 at 2).  The Court also found that plaintiff's motion was premature because plaintiff may conclude that depositions are no longer necessary upon receiving defendants' responses to his other discovery requests.  (Doc. 79 at 4).

In his instant notice of request for depositions via Skype, plaintiff declares that he has retained the services of a court reporter to appear at WCI to record the depositions of defendants Mohr, Thalheimer, Mausser, Kovach, Rauschenberg, Houk, Nelson, Imbrogno, and Williams, as well as non-defendant JoEllen Smith.  (Doc. 80 at 1).  He indicates that the cost to retain the court reporter to appear at WCI is $662.82.  (*Id.*).  Plaintiff asserts that his parole hearing scheduled for October 6, 2015 was cancelled or postponed without notice to him because the "parole board personnel who was supposed to conduct the Skype appearance was not available because she appeared at a state job interview superfluously intoxicated, or in the words of her fellow employees, 'sloppy drunk,' with alcohol and assorted pain medication."  (*Id.* at 1-2).

Defendants respond that plaintiff's motion should be denied because he has presented no new arguments as to why his motion should now be granted.  (Doc. 84 at 1).  Defendants incorporate by reference their earlier arguments that (1) plaintiff has not acted in good faith in requesting to depose defendants, (2) plaintiff has failed to comply with Federal Rule of Civil Procedure 30's formal notice requirements, (3) plaintiff has failed to comply with Rule 30's technical requirements, including showing that he will be able to file deposition transcripts; and (4) plaintiff has no right to depose defendants and has alternative means available to obtain equivalent discovery.  (*Id.*; Doc. 52 at 1-7; Doc. 74).  Further, defendants argue that plaintiff's motion should be denied because he "is clearly attempting to depose Defendants as a means of harassing and embarrassing them."  (Doc. 84 at 1).  For example, defendants contend that plaintiff initially sought to depose defendants on Christmas Eve because he thought it would be "humorous."  (*Id.* at 1-2).  Defendants also identify interrogatory questions where plaintiff asked parole board members to disclose their sexual orientation and whether they were ever married to or had a romantic relationship with Franklin County, Ohio prosecutor Ron O'Brien.  (*Id.* at 2-4; Plaintiff's First Request for Admissions, Interrogatories, and Documents Production for Defendant Cholar, Doc. 84-1, Exh. A; Plaintiff's First Request for Admissions, Interrogatories, and Documents Production for Defendant Imbrogno, Doc. 84-2, Exh. B; Plaintiff's First Request for Admissions, Interrogatories, and Documents Production for Defendant Venters, Doc. 84-3, Exh. C).  Defendants also argue that parole board members and heads of government agencies should not be subject to routine deposition.  (Doc. 84 at 4).

In reply, plaintiff provides a receipt showing that the court reporter was paid $662.82 to appear at the depositions, but that this amount was refunded when the court reporter's appearance was cancelled after "defense counsel told WCI staff that this Court ordered that no

depositions be taken, and therefore no one was obligated to make the Skype area available."
(Doc. 88 at 1-2; Receipt from Spectrum Reporting, LLC in the amount of $662.82, Doc. 88-1,
Exh. A; Refund Receipt from Spectrum Reporting, LLC, Doc. 88-1, Exh. B). Plaintiff asserts
that an Ohio Parole Board Information Sheet used by the parole board in denying him parole
erroneously stated that he had operated a business of prostitution and drugs. (Doc. 88 at 23).
Plaintiff contends that asking parole board members to disclose their sexual orientation was
relevant to defenses that defendants may assert because "[w]omen's rights groups and [g]ay
rights activists view men involved in having women prostitute themselves as being ***misogynists***."
(*Id.* at 3) (emphasis in original). Plaintiff asserts that at a codefendant's parole hearing, it was
alleged that a parole board member was married to prosecutor O'Brien. Plaintiff argues that
asking parole board members to disclose whether they were married or romantically involved
with Mr. O'Brien was relevant because such a relationship would "be a conflict of interest as Mr.
O'Brien would be able to influence his wife to deny parole in addition to retaliatory motives
already alleged." (*Id.*).

In the instant third motion to compel and for extension (Doc. 85) and the instant motion
for leave to conduct depositions, to ex[t]end the discovery schedule deadline, and motion to
compel and/or request for court intervention (Doc. 87), plaintiff advances arguments duplicative
of those in his instant notice of request for depositions via Skype. (*See generally* Docs. 85 &
87).

In response to the concerns in the Court's prior orders about plaintiff's ability to pay for
the costs of court reporting and transcription (Docs. 79 & 83), plaintiff has provided
documentation that he paid for the services of a court reporter to appear at the depositions of nine
defendants and one non-defendant. (*See* Doc. 80 at 1; Doc. 88-1, Exh. A). However, it is not

clear whether the $662.82 covers the costs associated with transcribing the depositions in addition to the cost of the court reporter's attendance at them.  Thus, the Court finds that plaintiff has still not met his burden of showing he has the means to pay "the costs of court reporting *and transcription*."  (*See* Doc. 79 at 4) (emphasis added).

More importantly, the Court notes that "heads of government agencies should not be subject to routine deposition."  *Tower Press Bldg. Inc. v. White*, 165 F.R.D. 73, 75 (N.D. Ohio 1996) (citing *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 567 (D.C. Cir. 1970); *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979)).  *See also Garner v. Cuyahoga Cty. Juvenile Court*, No. 1:02-cv-1286, 2006 WL 753093, at *2 (N.D. Ohio Mar. 23, 2006) (finding that depositions of county commissioners were not justified because agency heads "should not be subject to routine deposition").  Thus, the Court finds that defendant Mohr, director of the Ohio Department of Rehabilitation and Correction, is not subject to deposition.  (*See* Doc. 54 at ¶ 12); *Tower Press Bldg. Inc.*, 165 F.R.D. at 75.  Accordingly, plaintiff's motions are denied to the extent he requests to conduct a deposition of defendant Mohr.

Moreover, defendants Thalheimer, Mausser, Kovach, Rauschenberg, Houk, Nelson, and Imbrogno are members of the parole board.  Courts have found that parole board members also should not be subject to routine deposition.  *See Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981) (holding that members of state parole board enjoy absolute immunity and noting that "time spent in depositions and on the witness stand defending their actions would leave these overburdened public servants with even less time to perform their crucial tasks"); *U.S. Bd. of Parole v. Merhige*, 487 F.2d 25, 29 (4th Cir. 1973) (holding that members of the U.S. Board of Parole should be subject to depositions "under only exceptional circumstances" given the board's "absolute discretion in matters of parole").  Plaintiff has identified no exceptional circumstances

warranting the depositions of the defendant parole board members, nor does the Court perceive any such circumstances. Thus, the Court finds that the parole board defendants are not subject to deposition. (*See* Doc. 54 at ¶ 11); *Sellars*, 641 F.2d at 1303; *Merhige*, 487 F.2d at 29. Accordingly, plaintiff's motions are denied to the extent he requests to conduct depositions of defendants Thalheimer, Mausser, Kovach, Rauschenberg, Houk, Nelson, and Imbrogno.

As to defendant Williams and non-defendant Smith, the Court remains concerned that plaintiff will attempt to use oral depositions conducted via Skype as a means to embarrass or harass defendants generally and these proposed deponents specifically. The Court notes that plaintiff's interrogatories have strayed into questions concerning defendants' sexual orientation and romantic relationships that are irrelevant at best and harassing and embarrassing at worst. (*See* Doc. 84-1, Exh. A; Doc. 84-2, Exh. B; Doc. 84-3, Exh. C). Moreover, in his instant notice of request for depositions via Skype, plaintiff included an irrelevant discussion concerning the postponement of his October 6, 2015 parole hearing, including allegations that a parole board member cancelled the hearing because she was "superfluously intoxicated" or "sloppy drunk." (*See* Doc. 80 at 1-2). The Court finds that plaintiff's discovery behavior to date suggests that he may use oral depositions via Skype to harass and embarrass defendants or, at best, to "pursue avenues of examination . . . that are tangential to the real issues in this case." *See Bell v. Godinez*, No. 92-cv-8447, 1995 WL 519970, at *2 (N.D. Ill. Aug. 30, 1995) (finding based on plaintiff's court filings that his "apparent belief that prison officials are brainwashing him suggests . . . that he may, at worst, pose a security threat, or, at best pursue avenues of examination during the proposed oral depositions that are tangential to the real issues in this case"). As this Court previously noted, "Prison officials retain some discretion as to whether to permit an incarcerated litigant to personally appear to take a deposition, taking into consideration

6

factors such as cost, inconvenience, danger, and the disruption to correctional operations." *Whiteside v. Thalheimer*, No. 1:13-CV-408, 2015 WL 2376001, at *2 (S.D. Ohio May 18, 2015) (quoting *Dearing v. Mahalma*, No. 1:11–cv–204, 2012 WL 524438, at *2 (S.D. Ohio Feb. 16, 2012) (in turn citing *Holt v. Pitts*, 619 F.2d 558, 560-61 (6th Cir. 1980) (holding that an incarcerated litigant bringing a civil action under 42 U.S.C. § 1983 has "no right to be personally present at any stage of the judicial proceedings."))); *see also In re Wilkinson*, 137 F.3d 911, 916 (6th Cir. 1998) (holding that prisoner-litigant had failed to demonstrate any "specialized need for an exception . . . to the general rule of non-attendance."). The potential for disruption to prison operations and security posed by oral depositions by plaintiff, given his behavior in discovery thus far, counsels against permitting oral depositions in this case. Accordingly, plaintiff's motions are denied to the extent he requests to conduct depositions of defendant Williams and non-defendant Smith via Skype.

However, the Court will permit plaintiff to conduct written depositions of defendant Williams and non-defendant Smith pursuant to Federal Rule of Civil Procedure 31. *See Bell,* No. 92-cv-8447, 1995 WL 519970, at *2 ("No doubt a prisoner has the right to take discovery, but that right does not necessarily include conducting oral depositions of prison officials if there are compelling reasons weighing against such depositions and if the prisoner is able to obtain the necessary information by written discovery."). To date, plaintiff has not indicated what information he expects to gain from oral depositions via Skype that he cannot obtain through written depositions. *See McKeithan v. Jones*, 212 F. App'x 129, 131 (3d Cir. 2007) (holding that district court did not abuse its discretion in denying prisoner's "unorthodox request for deposition upon oral examination of prison officials" when prisoner "ha[d] not presented any argument . . . to suggest that written depositions would not have been sufficient for his purposes

in this case"). Thus, given the history of plaintiff's discovery behavior to date, the Court concludes that written depositions provide the best mechanism to protect defendants from potential embarrassment and harassment, to protect institutional security and order, and to potentially give plaintiff the information he seeks to discover.

## II.    MOTION TO EXTEND DISCOVERY (Doc. 76)

Plaintiff has moved to extend the discovery deadline of October 30, 2015 an additional 90 days. (Doc. 76 at 1). Plaintiff asserts that when he received the response to his first request for production of documents, the envelope was opened contrary to prison policy for legal mail, and 20 pages were missing. (*See id.* at 1-2). Plaintiff accuses defendants of treating litigation "as a game" and attempting to "run down the clock" on discovery by delaying their responses to his motions. (*See id.* at 2). Plaintiff also asserts that an extension is necessary to allow discovery to run its course once the Court rules on his motion to compel depositions. (*See id.* at 3). Defendants have not responded to plaintiff's motion to extend discovery.

Given the Court's resolution of plaintiff's motions to compel by permitting plaintiff to conduct written depositions of defendant Williams and non-defendant Smith, the Court concludes that plaintiff's motion to extend the discovery deadline is well-taken. The Court orders plaintiff to serve his written depositions upon defendant Williams and non-defendant Smith within **30 days** of this order. Deponents are ordered to provide their responses to the written depositions to plaintiff within **30 days** of receiving them. The discovery deadline is extended to **February 8, 2016**. The dispositive motion deadline is extended to **March 8, 2016**.

III.    **CONCLUSION**

Consistent with the foregoing, it is **ORDERED** that:

1.  The motions to compel (Docs. 80, 85, 87) are **DENIED** as to defendants Mohr,

    Thalheimer, Mausser, Kovach, Rauschenberg, Houk, Nelson, and Imbrogno.

2.  The motions to compel (Docs. 80, 85, 87) are **DENIED IN PART AND GRANTED**

    **IN PART** as to defendant Williams and non-defendant Smith.  Plaintiff may not

    conduct depositions of Williams and Smith via Skype, but he may conduct written

    depositions of them.

3.  The motion to extend discovery (Doc. 76) is **GRANTED**.  Plaintiff is **ORDERED** to

    serve his written depositions upon defendant Williams and non-defendant Smith

    within **30** days of this order, and Williams and Smith will have **30** days to respond to

    the written depositions.  The discovery deadline is **EXTENDED** to **February 8,**

    **2016**, and the dispositive motion deadline is **EXTENDED** to **March 8, 2016.**

    **IT IS SO ORDERED**.


Date:  11/25/15                              s/Karen L. Litkovitz
                                             Karen L. Litkovitz
                                             United States Magistrate Judge

9