UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORMAN WHITESIDE,
    Plaintiff,

vs.

TRAYCE THALHEIMER, *et al.*,
    Defendants.

Case No. 1:13-cv-408
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's notice of voluntary dismissal (Doc. 125). Also before the Court is plaintiff's motion to strike an uncaptioned paper (Doc. 118).

As background, plaintiff filed this pro se prisoner civil rights action under 42 U.S.C. § 1983 while an inmate at the Warren Correctional Institution ("WCI"). On April 4, 2016, the Court granted defendants' unopposed motion to stay the dispositive motion deadline. (Docs. 120, 121). In their motion, defendants represented that plaintiff had agreed to voluntarily dismiss this action if he was released on parole, which was expected to occur on September 1, 2016. (Doc. 120 at 1-4). Specifically, defendants referenced plaintiff's statement in his January 11, 2016 motion to extend the discovery deadline that he would voluntarily dismiss this action if he was granted parole. (Doc. 102 at 1; Doc. 120 at 3). Further, defendants' counsel represented that during a phone conversation with plaintiff on April 1, 2016, he confirmed that he still intended to dismiss this action once he was released from prison. (Doc. 120 at 3-4).

In plaintiff's notice of voluntary dismissal, he seeks to dismiss this action without prejudice as agreed based on his release on parole. (Doc. 125).

After an answer has been filed and without a stipulation of dismissal signed by all parties who have appeared, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[T]he purpose of Rule 41(a)(2)

is to protect the nonmovant, here the defendants, from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (quoting *Grover*, 33 F.3d at 718). "In determining whether such prejudice would result, courts typically consider 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" *Id.* (quoting *Grover*, 33 F.3d at 718, and citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)).

Here, after consideration of the factors identified in *Bridgeport Music*, the Court finds that dismissal without prejudice is appropriate in this case. Plaintiff's notice of dismissal explains the need to take a dismissal based on the previous agreement between the parties. (*See* Docs. 102, 120, 125); *Bridgeport Music, Inc.*, 583 F.3d at 953. Further, there is no evidence before the Court of excessive delay or lack of diligence on plaintiff's part in prosecuting the action. *See Bridgeport Music, Inc.*, 583 F.3d at 953. Defendants also sought a stay to avoid the effort and expense related to trial preparation and dispositive motion practice in hope of an eventual voluntary dismissal of this matter. *See id.* Thus, based on the balance of these factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, it is **RECOMMENDED** that:

1. plaintiff's motion to voluntarily dismiss the complaint (Doc. 125) be **GRANTED**;

2

2. plaintiff's motion to strike an uncaptioned paper (Doc. 118) be **DENIED AS MOOT**; and

3. this case be **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO RECOMMENDED.**

Date: 10/31/16

Karen L. Litkovitz
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORMAN WHITESIDE,　　　　　　　　　　Case No: 1:13-cv-408
　　Plaintiff,　　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
vs.

TRAYCE THALHEIMER, *et al.*,
　　Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).